ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMPAX LABORATORIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AVENTIS PHARMACEUTICALS INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 02-581-JJF |

**NOTICE OF SUBPOENA AND DEPOSITION OF THOMAS L. IRVING, ESQ.
PURSUANT TO FED.R.CIV.P. 45**

You are hereby notified that, pursuant to Federal Rule of Civil Procedure 45, on February 28, 2003, at 10:00 a.m., at the offices of Blank Rome LLP, 900 17TH Street, NW, Suite 1000, Washington, D.C., IMPAX Laboratories, Inc. ("IMPAX"), by counsel, will take the deposition ad testificandum and duces tecum of Thomas L. Irving, Esq. pursuant to the attached subpoena. The deposition will be taken before a notary public or other officer authorized by law to administer oaths, and will be recorded by stenographic and videographic means. The deposition will proceed from day to day until completed, Saturdays, Sundays and holidays excepted.

Dated: February 19, 2003

By: _____
Mary B. Matterer #2696
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

Attorneys for Plaintiff
IMPAX Laboratories, Inc.

AO 88 (Rev. 7/00) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IMPAX LABORATORIES, INC.
    Plaintiff,

v.

AVENTIS PHARMACEUTICAS, INC.
    Defendant

**SUBPOENA IN A CIVIL CASE**
CASE NUMBER: 02-581 (JJF)
(U.S. DISTRICT COURT FOR DISTRICT OF DELAWARE)

To: Thomas L. Irving, Esq., c/o Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, 1300 I Street, NW, Washington, DC 20005-3315

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case for the topic(s) listed in Attachment "A" hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Blank Rome, LLP, 900 17th Street, NW, Suite 1000, Washington, DC 20006 | Friday, February 28, 2003, beginning at 10 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below: All documents which evidence, refer to or relate to the items listed in Attachment "B" hereto not duplicative of documents produced for inspection and copying by Finnegan, Henderson, Farabow, Garrett & Dunner pursuant to a subpoena duces tecum served on them on this date.

| PLACE | DATE AND TIME |
|---|---|
| Blank Rome, LLP, 900 17th Street, NW, Suite 1000, Washington, DC 20006 | Friday, February 28, 2003, beginning at 10 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Charles R. Wolfe, Jr. (Attorney for Plaintiff Impax) | February 12, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Charles R. Wolfe, Jr., Esq.
BLANK ROME LLP
The Farragut Building
900 17th Street, NW, Suite 1000
Washington, DC 20006
(202) 530-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | 02/14/2003 | PLACE | 1300 I Street, N.W., 7th Floor Washington, D.C. 20005-3315 |

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |

Cynthia Hayes, Assistant EA Director, Authorized to accept

| SERVED BY (PRINT NAME) | | TITLE | |
| Brandon Snesko | | Private Process Server | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | February 14, 2003 | | |
| | DATE | | SIGNATURE OF SERVER |
| | | | ADDRESS OF SERVER |
| | | | CAPITOL PROCESS SERVICES |
| | | | 1827 18th Street, N.W. |
| | | | Washington, D.C. 20009 |

Rule 45, Federal Rules of Civil Procedure, parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) required disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A

## SUBPOENA OF THOMAS L. IRVING IN C.A. NO. 02-581 (JJF)
## U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

### TOPIC(S)

YOU ARE COMMANDED to appear at the place, date, and time specified in the Subpoena to provide oral testimony related to the following topic(s):

1. The prosecution history of U.S. Patent No. 5,527,814 to *Louvel*, entitled *USE OF 2-AMINO-6-(TRIFLUOROMETHOXY)-BENZOTHIAZOLE FOR OBTAINING A MEDICAMENT FOR THE TREATMENT OF AMYOTROPHIC LATERAL SCLEROSIS.*

2. The factual basis and reasons why the following statement was made in the Amendment, dated September 25, 1995, that was filed in the prosecution history of U.S. Patent No. 5,527,814 on September 27, 1995:

> After a detailed study of the file, however, the undersigned [Finnegan, Henderson, Farabow, Garrett & Dunner, by Thomas Irving], as discussed at the interview, has decided to expressly withdraw reliance on all previous arguments and declarations. Consequently, this amendment is submitted as a supplement to the June 19 response and is believed, as discussed at the interview, to place the application in condition for allowance.

Amendment, September, 27, 1995, at p. 3.

3. The factual basis and reasons why the following statement was made in the Comment on Statement of Reasons for Allowance Under 37 C.F.R. §1.109, dated March 20, 1996 and filed in the prosecution history of U.S. Patent No. 5,527,814 on the same date:

> In the Examiner's Statement of Reasons for Allowance, Examiner Moezie states that the June 19, 1995 amendments and remarks have been considered. However,

at page 3 of the September 27, 1995, Amendment, Applicants made very clear that reliance on all previous arguments and declarations was withdrawn. Thus, in Applicant's view, this application was allowed solely because of the September 27, 1995, Amendment and Declaration of Dr. Munsat.

Comment on Statement of Reasons for Allowance Under 37 C.F.R. §1.109, March 20, 1996, at p. 2.

4. The prosecution history of any other U.S. patents in which Thomas Irving advised the U.S. Patent & Trademark Office that the applicant was withdrawing reliance upon previous arguments and/or declarations filed in the prosecution history of those patents.

## ATTACHMENT B

## SUBPOENA OF THOMAS L. IRVING IN C.A. NO. 02-581 (JJF)
## U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE

## DOCUMENTS TO BE PRODUCED

1. All documents and things referring or relating to Finnegan, Henderson, Farabow, Garrett & Dunner, LLP's prosecution of the patent application(s) that became U.S. Patent No. 5,527,814.

2. All documents and things referring or relating to Finnegan, Henderson, Farabow, Garrett & Dunner, LLP's attorney docket no. 03806.0173-01.

3. All documents and things referring or relating to the Amendment dated September 25, 1995, filed in the prosecution history of U.S. Patent No. 5,527,814, on September 27, 1995, in which it is stated on page 3 of that Amendment "[a]fter a detailed study of the file, however, the undersigned, as discussed at the interview, has decided to expressly withdraw reliance on all previous arguments and declarations. Consequently, this amendment is submitted as a supplement to the June 19 response and is believed, as discussed at the interview, to place the application in condition for allowance."

4. All documents and things referring or relating to the Comment on Statement of Reasons for Allowance Under 37 C.F.R. §1.109 dated March 20, 1996, filed in the prosecution history of U.S. Patent No. 5,527,814 on the same date, in which it is stated on page 2 of the Comment "[i]n the Examiner's Statement of Reasons for Allowance, Examiner Moezie states that the June 19, 1995 amendments and remarks have been considered. However, at page 3 of the September 27, 1995, Amendment, Applicants made very clear that reliance on all previous arguments and declarations was withdrawn. Thus, in Applicant's view, this application was allowed solely because of the September 27, 1995, Amendment and Declaration of Dr. Munsat."

5.     All documents and things evidencing any other prosecution history of a U.S. patent in which Thomas Irving advised the U.S. Patent & Trademark Office that the applicant was withdrawing reliance upon previous arguments and/or declarations filed in the prosecution history of those patents.

6.     All other documents and things referring or relating to the Topics in Attachment A not previously covered in items 1-5 listed above.

# CERTIFICATE OF SERVICE

It is hereby certified this 19th day of February 2003, that copies of the foregoing document, **NOTICE OF SUBPOENA AND DEPOSITION OF THOMAS L. IRVING, ESQ. PURSUANT TO FED.R.CIV.P. 45,** were served on counsel as indicated:

**VIA HAND DELIVERY**

Jeffrey B. Bove, Esq.
Gerald O'Rourke, Esq.
Connolly Bove Lodge & Hutz LLP
1220 Market Street, 10th Floor
Wilmington, DE 19801

**VIA FACSIMILE AND FEDEX**

Paul H. Berghoff
Curt J. Whitenack
McDonnell Boehnen Hulbert & Berghoff
300 S. Wacker Drive
Chicago, IL 60606
Fax 312.913.0002

Mary B. Matterer

110967.00604/40117124v1